UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS WEBER,

    Plaintiff,

v.                                                            Case No: 2:16-cv-25-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Plaintiff Thomas Weber appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has reviewed the record, the briefs and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), sentence four.

### I.   Issues on Appeal

Plaintiff raises five issues on appeal: (1) whether the Administrative Law Judge ("ALJ") violated HALLEX[1] by not addressing Plaintiff's request for a subpoena and objections to the vocational expert ("VE"); (2) whether the ALJ properly accorded little weight to the opinion of Jerilee Lomas, D.O.; (3) whether the ALJ properly evaluated the opinion of David Cumberbatch, DPM; (4) whether the ALJ properly

---

[1] HALLEX refers to the Social Security Administration's Hearings, Appeals, and Litigation Law Manual.

assessed Plaintiff's credibility; and (5) whether substantial evidence supports the ALJ's hypothetical questioning.

## II. Procedural History and Summary of the ALJ's Decision

On November 5, 2012, Plaintiff protectively filed applications for a period of DIB and SSI alleging that he became disabled and unable to work on March 1, 2008 due to his right ankle that was shattered in 1994, and his left knee pain. Tr. 65, 162-75. The Social Security Administration denied his claim initially on December 1, 2012, and upon reconsideration on February 13, 2013. Tr. 107-30. Plaintiff requested and received a hearing before ALJ Charles R. Howard in Kingport, TN on April 17, 2014. Tr. 47, 131-38. Plaintiff appeared and testified at the hearing by video teleconference from Fort Myers, Florida. Tr. 47, 133. Plaintiff also was represented by an attorney. Tr. 47. The VE, Gary Maisel, testified at the hearing. *Id.*

On May 7, 2014, the ALJ issued a decision finding that Plaintiff was not disabled and denied his claim. Tr. 19-28. The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013. Tr. 21. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2008, the alleged onset date. *Id.* At step two, the ALJ determined that Plaintiff has the following severe impairments: right ankle disorder status post open reduction and internal fixation and subsequent removal of a screw; left knee degenerative joint disease; and back disorder. *Id.* At step three, the ALJ concluded that Plaintiff "does not have an impairment or

combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 23.

In doing so, the ALJ specifically considered the four broad functional areas set out in the regulations for evaluating mental disorders in section 12.00 of the Listing of Impairments, the so-called "paragraph B" criteria.[2] Tr. 21-22. In the first functional area of daily living, the ALJ determined that Plaintiff has no restriction. Tr. 22. The ALJ noted, "[Plaintiff] reported that he lived with his uncle and aunt, did some housekeeping including cleaning, laundry, and shopping. He reported that he was independent with personal care and had a driver's license. He reported that he watched television, listened to the radio, and read." Tr. 22.

In the next functional area, social functioning, the ALJ found that Plaintiff has no limitation. Tr. 22. The ALJ noted that Plaintiff lived with his uncle and aunt, had a driver's license, and shopped. *Id.* In the third functional area of concentration, persistence, or pace, the ALJ found Plaintiff to have mild limitations. *Id.* The ALJ indicated that the record of Plaintiff's daily activities such as watching television, listening to the radio, and reading showed mild limitations in concentration, persistence, and pace. *Id.* In the fourth functional area of episodes of decompensation, the ALJ found that Plaintiff had experienced no episodes of decompensation of an extended duration. *Id.*

Taking into account the effects of all of Plaintiff's impairments, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform

---

[2] 20 C.F.R., pt. 404, subpt. P. app. 1.

sedentary work.  Tr. 23.  The ALJ found, "[Plaintiff] can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds; and he should avoid operation of foot controls with the right lower extremity."  *Id.*  The ALJ found that Plaintiff's impairments were not as severe or limiting as alleged and would not have precluded him from performing work at the assessed RFC.  Tr. 25.  The ALJ found that Plaintiff was unable to perform his past relevant work ("PRW") as a stocker, but there are jobs existing in significant numbers in the national economy that Plaintiff can perform.  Tr. 26-27.  Thus, the ALJ found Plaintiff was not disabled and denied his claim.  Tr. 28.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on November 19, 2015.  Tr. 1-5.  Accordingly, the May 7, 2014 decision is the final decision of the Commissioner.  Plaintiff filed an appeal in this Court on January 19, 2016.  Doc. 1.  Both parties have consented to the jurisdiction of the United States Magistrate Judge, and this matter is now ripe for review.  Docs. 17, 18.

### III.  Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  The Commissioner has established a five-step

sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520; 416.920. The Eleventh Circuit has summarized the five steps as follows:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy."

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)-(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011). The claimant bears the burden of persuasion through step four; and, at step five, the burden shifts to the Commissioner. *Atha*, 616 F. App'x at 933; *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence

is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

The Eleventh Circuit recently has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (*citing Black Diamond Coal Min. Co. v. Dir., OWCP,* 95 F.3d 1079, 1082 (11th Cir. 1996). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Comm'r,* 2015 WL 1453364, at *2 (11th Cir. 2015) (citing *Grant v. Richardson,* 445 F.2d 656 (5th Cir.1971)).

IV. Discussion

>  a. *Whether the ALJ violated HALLEX 1-2-5-55 and 1-2-5-78 by not addressing Plaintiff's request for a subpoena and written objection to the VE in his decision*

"The [HALLEX] is a policy manual written by the Social Security Administration to provide guidance on procedural matters." *Warren v. Astrue*, 830 F. Supp. 2d 1369, 1372 (S.D. Fla. 2011). "[R]emand is required only if the ALJ violates the procedures in the HALLEX and only if the violation prejudices the claimant." *Cohan v. Comm'r, Soc. Sec. Admin.*, No. 6:10-cv-719-Orl-35DAB, 2011 WL 3319608, at *5 (M.D. Fla., July 29, 2011).

The HALLEX provides that first, a claimant must make a request for subpoena with the requisite details at least ten days before the hearing date. HALLEX I-2-5-78(B)(1). Then the ALJ evaluates the request and issues a subpoena if "[t]he claimant or ALJ cannot obtain the information or testimony without the subpoena;" and "[t]e evidence or testimony is reasonably necessary for the full presentation of the case." HALLEX I-2-5-78(B)(2). If the ALJ denies the request, "the ALJ must notify the claimant of the denial, either in writing or on the record at the hearing," "enter the request into the record as an exhibit," and "explain why the ALJ declined to issue a subpoena." HALLEX I-2-5-78(D). With respect to the VE, the ALJ must "advise the claimant of the reason for the VE's presence" and ask "the claimant and the representative whether they have any objection(s) to the VE testifying." HALLEX I-2-6-74(B).

Plaintiff argues that the ALJ violated HALLEX I-2-5-55 by not issuing a written ruling on objections to the VE, and HALLEX I-2-5-78 by not addressing in writing Plaintiff's request for a subpoena. Doc. 21 at 8. Plaintiff alleges that he submitted a request for a subpoena and objections to the VE in writing on April 3, 2014, fourteen (14) days before the hearing. *Id.* The Commissioner argues that although the ALJ did not address Plaintiff's objections or request for a subpoena in his decision, Plaintiff does not show that the ALJ's non-compliance with the HALLEX was prejudicial. Doc. 22 at 5. In fact, the Commissioner asserts that during the hearing, neither Plaintiff nor Plaintiff's counsel questioned the VE regarding his testimony on the number of jobs. *Id.* The Commissioner argues that the ALJ's error was harmless because Plaintiff does not show that he suffered prejudice from the ALJ's error. *Id.*

The Court finds that contrary to Plaintiff's argument, HALLEX I-2-5-55 does not mandate the ALJ to address objections to the VE in writing, as it only circumscribes a general rule for obtaining vocational expert opinion at the hearing.[3] HALLEX I-2-5-55. On the other hand, HALLEX I-2-5-78(D) provides the relevant

---

[3] The provision provides in its entirety,

> When an administrative law judge (ALJ) obtains a vocational expert (VE) opinion during a hearing, the ALJ will generally explain why the VE is present before his or her opening statement. See Hearings, Appeals and Litigation Law (HALLEX) manual I-2-6-50. For detailed instructions on obtaining VE testimony at a hearing, see HALLEX I-2-6-74. For more information about opening statements, see HALLEX I-2-52.

HALLEX I-2-5-55.

authority, and the record shows that the ALJ did not ask Plaintiff and his attorney whether they objected to the VE's testimony and also did not address Plaintiff's request for a subpoena in writing or on the record. Tr. 19-28, 59-63.

As the Commissioner argues, however, Plaintiff does not allege at all that he suffered prejudice as a result of the ALJ's non-compliance with the HALLEX. *See Cohan*, 2011 WL 3319608, at *5. In fact, during the hearing, Plaintiff did not discuss his outstanding request for a subpoena or objections to the VE. Tr. 59-63. Absent a showing of prejudice, the Court will not vacate and remand the Commissioner's decision solely because the ALJ did not strictly comply with the HALLEX. *See Cohan*, 2011 WL 3319608, at *5.

> *b. Whether the ALJ properly accorded little weight to Dr. Lomas' opinion.*

In assessing Plaintiff's RFC, the ALJ discussed the treatment notes of Dr. Lomas, noting that Dr. Lomas "has treated [Plaintiff] intermittently for his right ankle pain since May 2013. On examinations, he noted that [Plaintiff] walked with a cane and that he had edema on two occasions. He treated [Plaintiff] with medications." Tr. 24.

The ALJ also considered Dr. Lomas' physical capacity evaluation dated October 9, 2013.[4] Tr. 26. 288. The ALJ summarized Dr. Lomas' evaluation as follows:

> He indicated that [Plaintiff] could lift up to 35 pounds occasionally, but never carry. He noted that [Plaintiff] could occasionally push/pull

---

[4] The ALJ's decision incorrectly indicates that the date of the evaluation was December 9, 2013. Tr. 26.

>seated and seldom bend and reach above shoulder level, but never push/pull standing, squat, crawl, or climb. He reported that [Plaintiff] could sit for 8 hours, stand for 1 hour, sit/stand for 1 hour in an 8-hour workday. He noted that [Plaintiff] would have mild restrictions being around moving machinery, exposed to marked changes in temperature/humidity, and driving automobile equipment. He reported that [Plaintiff] had moderate to marked pain. He felt that [Plaintiff] would not be capable of independently carrying out routine ambulatory activities, such as shopping, banking, climbing a few stairs at a reasonable pace. He indicated that [Plaintiff] would likely to be absent from work four or more days a month.

Tr. 26, 308-10. The ALJ decided to accord little weight to Dr. Lomas' evaluation because "it is not supported by his own treatment records." Tr. 26. Specifically, the ALJ noted that Plaintiff walked with a cane and had edema twice according to Dr. Lomas' medical records, and Dr. Lomas treated Plaintiff with medications and did not refer him to any specialists. *Id.* The ALJ also found that "Dr. Lomas' opinion is [] not supported by [Plaintiff's] reported activities of daily living." *Id.*

Under the Social Security regulations, opinions of treating sources usually are given more weight because treating physicians are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." 20 C.F.R. § 404.1527(c)(2). Medical source opinions may be discounted, however, when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. SSR 96-2p; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004). If the opinion of a treating physician as to the nature and severity of a

claimant's impairment is supported by acceptable medical evidence and is not inconsistent with other substantial evidence of record, the treating physician's opinion is entitled to controlling weight. SSR 96-2p; 20 C.F.R. § 404.1527(c). By contrast, if the ALJ does not afford controlling weight to a treating physician's opinion, he must clearly articulate the reasons for doing so. *Winschel*, 631 F.3d at 1179.

Accordingly, "[a]n ALJ must give a treating physician's opinion substantial weight, unless good cause is shown." *Castle v. Colvin*, 557 F. App'x 849, 854 (11th Cir. 2014) (citing *Phillips*, 357 F.3d at 1240); *Lewis*, 125 F.3d at 1440; *Sabo v. Chater*, 955 F. Supp. 1456, 1462 (M.D. Fla. 1996); *Hunter*, 808 F.3d at 822-23. "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1241). Although the regulations require that the ALJ consider all factors set forth in 20 C.F.R. § 404.1527(c), the ALJ is not required to expressly address each factor so long as he demonstrates good cause to reject the opinion. *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011).

Plaintiff argues that the ALJ's decision to accord little weight to Dr. Lomas' opinion is a reversible error. Doc. 21 at 13-14. Plaintiff asserts that Dr. Lomas noted swelling in Plaintiff's ankle several times and did not refer Plaintiff to any specialists because Plaintiff already saw Dr. Cumberbatch before receiving

treatments from Dr. Lomas. *Id.* Plaintiff also argues that Plaintiff's daily activities reported on December 17, 2012, such as doing some housekeeping and being independent with personal care, are not inconsistent with Dr. Lomas' opinion. *Id.* at 14; Tr. 266. Plaintiff asserts that doing minimal daily activities is not dispositive evidence of one's ability to perform sedentary work. Doc. 21 at 15.

The Commissioner does not contest that Dr. Lomas is Plaintiff's treating physician. Doc. 22 at 10. Instead, the Commissioner argues that the ALJ correctly found that Plaintiff appeared with a cane and had edema during two of his visits to Dr. Lomas. *Id.* at 12. The Commissioner asserts that even if the ALJ made a misstatement of facts, it was not prejudicial and does not require remand. *Id.* Furthermore, the Commissioner asserts that Plaintiff does not show any basis for his argument that Dr. Lomas did not refer Plaintiff to any specialist because Plaintiff saw Dr. Cumberbatch before seeing Dr. Lomas. *Id.* at 13.

Here, the Court finds that, contrary to the ALJ's finding, Dr. Lomas' examination dated October 9, 2013 is consistent with Dr. Lomas' treatment notes. Plaintiff saw Dr. Lomas five times, on May 30, 2013, July 8, 2013, August 13, 2013, October 9, 2013, and March 14, 2014. Tr. 293-310. On May 30, 2013, Dr. Lomas noted that Plaintiff shattered his ankle in 1994, which caused an ankle deformity, and had bone grafts. Tr. 303. During this visit, Plaintiff reported having a lot of pain. Tr. 296. Plaintiff's physical examination revealed arthralgia in Plaintiff's right ankle and left hip. *Id.* Plaintiff also had edema. *Id.* Dr. Lomas, however,

noted that Plaintiff was not in acute distress and appeared jovial. Tr. 297. Dr. Lomas directed Plaintiff to follow up in one month. *Id.*

On July 8, 2013, Dr. Lomas noted that Plaintiff was walking with a cane. Tr. 295. Plaintiff reported having pain in his right ankle during this visit. *Id.* Plaintiff's extremities also did not have a full range of motion. *Id.* Furthermore, Plaintiff stated that although Omeprazole [5] did not help, taking two pills of Omeprazole did. *Id.* Plaintiff, however, was not in acute distress and was alert, appropriate, and oriented to person, time, and place. *Id.* On August 13, 2013, Plaintiff saw Dr. Lomas because both of his ankles were swollen for five days, and his right foot by the toes was bleeding. Tr. 294. Plaintiff reported that elevating and taking medications helped him with pain. *Id.* Dr. Lomas recommended that Plaintiff elevate his legs. *Id.* In addition, Plaintiff's extremities continued not to have a full range of motion. *Id.* On the other hand, Plaintiff continued to appear alert, oriented to person, place, and time, appropriate, and in no acute distress. *Id.*

On October 9, 2013, Plaintiff reported continued swelling in legs, increased pain, and weakness to Dr. Lomas. Tr. 293. Plaintiff stated that his dad helps with shopping, and he does not drive. *Id.* He also noted that sometimes his pain is severe. *Id.* During this visit, Plaintiff walked with a cane and had right ankle pain and edema. *Id.* In addition, Plaintiff's physical examination revealed that his extremities did not exhibit a full range of motion. *Id.* Plaintiff, however, continued

---

[5] Omeprazole decreases the amount of acid produced in the stomach. Drugs.com, https://www.drugs.com/omeprazole.html (last visited Feb. 14, 2017).

to appear alert, oriented to person, place, and time, appropriate, and in no acute distress. *Id.* On March 14, 2014, Plaintiff paid his last visit to Dr. Lomas. Tr. 307. Plaintiff still was walking with a cane and reported having right ankle pain. *Id.* Plaintiff's physical examination also was similar to the last one. *Id.* Throughout Plaintiff's five visits, Dr. Lomas prescribed various types of medications to treat Plaintiff. Tr. 306.

Although the ALJ correctly noted that Dr. Lomas treated Plaintiff with medications and did not refer him to any specialist, substantial evidence in the record does not support the ALJ's finding that Dr. Lomas' evaluation performed on October 9, 2013 is inconsistent with Dr. Lomas' own treatment notes. Tr. 293-310. During three of Plaintiff's five visits to Dr. Lomas, Dr. Lomas noted that Plaintiff had edema or swelling: on May 30, 2013, August 13, 2013, and October 9, 2013. Tr. 293-94, 296. Plaintiff also reportedly walked with a cane three times: on July 8, 2013, October 9, 2013, and March 14, 2014. Tr. 293, 295, 307. Hence, the record not only contradicts the ALJ's finding that Plaintiff walked with a cane and had edema on two occasions but also shows that Plaintiff's pain and swelling in his right ankle persisted and consistently limited his movement. Tr. 26.

Furthermore, the ALJ's reliance on Plaintiff's report of daily activities does not consider the most recent change in Plaintiff's daily activities available on the record. On December 17, 2012, David Pulver, M.D., conducted an internal medicine examination of Plaintiff. Tr. 266. Dr. Pulver recorded that the Division of Disability Determination referred Plaintiff to him for an examination. *Id.* During

this visit, Plaintiff reported as activities of his daily living that he lives with his uncle and aunt and does some of the housekeeping, including cleaning, laundry, and shopping. *Id.* Plaintiff also stated that he is independent with personal care and during his free time, watches TV, listens to the radio, and reads. *Id.* Based on Dr. Pulver's examination, the ALJ noted in the area of daily activities, Plaintiff has no limitations. Tr. 22. He also relied on this report to assign little weight to Dr. Lomas' evaluation. Tr. 24.

It is not clear, however, whether the ALJ considered Plaintiff's report to Dr. Lomas on October 9, 2013 that Plaintiff's dad helps with shopping, and he does not drive. Tr. 293. Plaintiff's report to Dr. Lomas is consistent with Dr. Lomas' treatment notes that recorded Plaintiff's pain and swelling as well as Plaintiff's walking with a cane. Tr. 293-310. Furthermore, Plaintiff's report on October 9, 2013 is Plaintiff's most recent report of daily activities on the record and also contradicts Plaintiff's report of daily activities to Dr. Pulver made on December 7, 2012. Tr. 266, 293. Nonetheless, in assessing Plaintiff's RFC, the ALJ did not discuss at all Plaintiff's report on October 9, 2013. Tr. 24, 26.

As a result, based on the review of the record, the Court finds that the ALJ erred in according little weight to Dr. Lomas' evaluation of October 9, 2013 based on the evaluation's inconsistency with Dr. Lomas' own treatment notes and Plaintiff's report of daily activities on December 7, 2012. *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1241).

Plaintiff also argues that the ALJ erred in the following respects: in rejecting

Dr. Cumberbatch's opinion; in evaluating Plaintiff's credibility; and in failing to pose a complete hypothetical question to the VE.  Because this case must be remanded for consideration of Dr. Lomas' opinion, the Court need not address these arguments.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for the Commissioner to:

   A. Review and consider all of Plaintiff's medical records including Dr. Lomas' and Dr. Cumberbatch's opinions and determine the weight to be given to such evidence and the reasons therefor, and, further:

      i. the effect, if any, they have on his assessment of Plaintiff's RFC in combination with his other impairments; and

      ii. the effect, if any, on the hypothetical presented to the VE;

   B. Re-evaluate Plaintiff's subjective complaints, credibility and testimony in light of the objective evidence in the record, including Dr. Lomas' and Dr. Cumberbatch's opinions and Plaintiff's ability to pursue medical treatment;

   C. Pose a new hypothetical to a VE consistent with the RFC findings; and

        D.      Make any other determinations consistent with this Opinion and Order, or in the interests of justice.

    2.    The Clerk of Court is directed to enter judgment in favor Plaintiff, Thomas Weber, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of February, 2017.

*[signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record